No. A–327. CLARK ET AL. *v.* ROEMER, GOVERNOR OF LOUISIANA, ET AL. Motion of appellees for modification of the order of the Court entered November 2, 1990 [*ante*, p. 953], granted, and the order is modified as follows:

Application for injunction and stay of orders of the United States District Court for the Middle District of Louisiana, case

No. 86–435–A, presented to JUSTICE SCALIA, and by him referred to the Court, granted in part. Louisiana state officials are enjoined from holding elections scheduled for November 6 and December 8, 1990, for judicial offices created by acts which the District Court found had not been precleared in violation of § 5 of the Voting Rights Act of 1965, 79 Stat. 439, as amended, 42 U. S. C. § 1973c. These judgeships are listed in Part II of the District Court's order of October 22, 1990, pp. 3–4, excepting Division B of the 20th Judicial District, which the District Court upon reconsideration found to have been precleared, and Division D of the 34th Judicial District, which the parties and the Solicitor General agree the Attorney General precleared by letter of October 10, 1989. Specifically, those judgeships for which an election is enjoined are:

(1) District Courts:

4th District, Divisions F and G;

6th District, Division B;

14th District, Divisions E, F, G, and H;

16th District, Division G;

21st District, Division F;

22nd District, Division G;

24th District, Division P;

26th District, Division E;

40th District, Division C;

(2) Courts of Appeal:

All judgeships authorized by 1990 La. Acts, No. 8, including

(a) Second Circuit Court of Appeal, District 1, Division C; and

(b) Second Circuit Court of Appeal, District 3, Division C.

In all other respects the application is denied.

This order is further conditioned upon the timely docketing of a statement as to jurisdiction in the above-entitled appeal. If such a statement as to jurisdiction is filed, this order is to remain in effect pending this Court's action on the appeal. If the judgments are affirmed, or the appeal is dismissed, this order shall terminate automatically. In the event probable jurisdiction is noted, or the judgments are vacated or reversed, this order shall remain in effect pending the sending down of the judgment of this Court.

JUSTICE WHITE dissents.

JUSTICE BLACKMUN, concurring in part and dissenting in part.

I would deny the application in its entirety and therefore dissent from those provisions of the above order which grant injunctive relief.